By the Court
 

 (Kinkade, J.).
 

 This case involves a claimed right of certain joint owners of real estate, situate in the city of Lakewood, Ohio, to erect a business building thereon, notwithstanding the fact that such building is prohibited by a zoning ordinance, duly enacted by that city.
 

 The principal facts are not in dispute. The property is located at the intersection of Clifton boulevard, an east and west street, and West 117th street, a north and south street, and on the southwest corner, being 195 feet frontage on Clifton boulevard, and 110 feet frontage on West 117th street.
 

 "When the zoning ordinance was passed' in 1922, this property had been improved by an apartment building, for residence purposes, and still so remains. It was then zoned for apartment buildings, as was other property abutting on Clifton boulevard for about four squares to the west thereof.
 

 
 *400
 
 The owners now desire to substitute a business building. The city council of Lakewood was asked to modify the terms of the ordinance so as to permit the substitution. Council declined to do so. The city building commissioner refused the owners a building permit. The board of zoning appeals, on appeal, sustained the action of the building commissioner. The Court of Appeals, on hearing, refused the owners a writ of mandamus commanding the issue of a building permit. The owners prosecute error to this court.
 

 Counsel for the owners in their brief definitely disclaim any intention to attack the validity of the Lakewood zoning ordinance in general. Their claim is that the ordinance, as applied to this particular tract of property, is invalid because of a change in nearby property from use as residence property to commercial use, which has rendered this tract of property practically worthless for residence purposes, and the same change of condition has greatly enhanced its value for business purposes, these values as claimed being now $250 to $300 per front foot on Clifton boulevard for residence uses and $700 to $1,000 per front foot for business uses, which fact the owners say renders the ordinance arbitrary, unreasonable and confiscatory, as applied to this property.
 

 Manifestly these same questions of fact and this same argument were presented to the city council, its building commissioner, its board of zoning appeals, and finally to the Court of Appeals as well, all of whom found the issues in favor of the defendants.
 

 A majority of this court is unable to find any error
 
 *401
 
 in the record justifying a reversal of the judgment entered by the Court of Appeals.
 

 Judgment ■affirmed.
 

 Marshall, C. J., Jones, Matthias and Day, JJ., concur.